UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James D. Rome Sudberry,                                         Case No. 3:24-cv-502

            Plaintiff,

      v.                                                        MEMORANDUM OPINION
                                                                          AND ORDER

Warden Stuff, *et al.*,

            Defendants.

## I.      INTRODUCTION

*Pro se* plaintiff James D. Rome Sudberry, currently incarcerated at Madison Correctional

Institution, filed this civil rights action against Warden Stuff, L. Booth, Corrections Officer

Roberson, Judge Bush, Judge White, Judge Norris, Paul Hudson, and Mrs. Paul Hudson concerning

his incarceration at Allen Oakwood Correctional Institution ("AOCI"). (Doc. No. 1). Plaintiff has

also filed an application to proceed *in forma pauperis* (Doc. No. 2), which I grant by separate order.

      For the reasons stated below, I dismiss Plaintiff's complaint pursuant to 28 U.S.C. §

1915(e)(2).

## II.      BACKGROUND

      Plaintiff's complaint is a largely incomprehensible stream of consciousness narrative that

appears to contain a list of complaints concerning his incarceration at AOCI. As best I can discern,

Plaintiff objects to certain conditions of his confinement. Plaintiff states that a wild kitten was

captured and permitted to stay in his cell without his knowledge or consent. (Doc. No. 1 at 4). He

claims that he was attacked by the kitten and had to get a tetanus shot and was moved out of his

comfortable two-man cell.  (*Id.* at 4-6).  Plaintiff states that the prison has an animal care program, but he is not interested in caring for the kitten.  (*Id.* at 4).  He also states that the warden does not pay for the cost of caring for the kitten, rather the correctional officers do.  (*Id.* at 5).  Plaintiff alleges that Defendant Booth arranged to have him moved to a different cell "because I [am] a black, homosexual, high society class an[d] hard to house; and gave animal rights over civil/human rights in a male prison for a stray female kitten."  (*Id.* at 7).  And Plaintiff claims that prisoners are not given enough time to eat, there is an insufficient number of seats in the dining hall, and the food portions are inadequate.  (*Id.* at 9-11).  Plaintiff questions why the prison serves "less than restaurant quality hot meals when they can serve sack lunches," which Plaintiff appears to prefer.  (*Id.* at 11).

Plaintiff also alleges in a conclusory fashion as follows: "the judges discriminate for class, sexual orientation, race," (*id.* at 8); Defendant Roberson engaged in "crooked, unjust, inappropriate supervision" when he denied Plaintiff a pass, (*id.* at 9); Defendant Booth engaged in retaliation when she wrote her conduct report after Plaintiff submitted an informal complaint resolution, (*id.* at 11); and "just about every day I experience harassment."  (*Id.* at 14).

Finally, Plaintiff appears to allege several claims against individuals or entities that are not listed as defendants.  Plaintiff alleges that "Captain Grosh or Hunt" engaged in "the most grotesque example of retaliation or harassment or white collar crime" when he "pok[ed] fun" at Plaintiff while he was exiting an area in the prison, (*id.* at 15); the parole board "are not trustable" and engaged in "grotesque civil injustices," (*id.* at 16); Corrections Officer Just (or Tust) drank from the inmate water fountain "on purpose in front of [Plaintiff] with his nasty mouth…," (*id.*); "Mgr. Godpreys" engaged in "classicism, racism, homophobia" apparently because he said that "no nigger, fag, inmate has the right to abruptly turn and sache away from me when I am talking to him," (*id.* at 18); and Corrections Officer Donally "conspires to do some of the same things his partner Roberson does in the cage."  (*Id.* at 19).  These individuals and the parole board are not listed as defendants in the

caption of the complaint, nor are they listed in the "Parties" section of the complaint. I will therefore not consider any claims against them.

In his request for relief, Plaintiff requests that the warden be terminated. He also requests unspecified compensation.

### III.    STANDARD

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). I have discretion, however, to refuse to accept without question the truth of Plaintiff's allegations when they may be

fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## IV.  ANALYSIS

### A.  Pleading Requirements

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Rather, Plaintiff's complaint consists of a long, barely comprehensible narrative of events.  The complaint fails to include any discernible factual allegations or coherent claims, and it fails to connect any alleged occurrence to a specific, cognizable injury.  Plaintiff also fails to coherently identify how each defendant has harmed him.  And specifically, the complaint simply contains no facts that connect Paul Hudson or Mrs. Paul Hudson to any alleged wrongdoing.  To the extent Plaintiff identifies a defendant in the complaint, the allegations made against those defendants are conclusory allegations or legal conclusions, which are insufficient to state a claim and do not meet the minimum pleading requirements of Rule 8.  *Iqbal*, 556 U.S. at 678.

### B.  Conditions of Confinement

To the extent I can charitably construe Plaintiff's complaint to assert a claim of deliberate indifference regarding his conditions of confinement in violation of the Eighth Amendment, Plaintiff's claim fails.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . take reasonable measures to guarantee the

safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). But this requirement does not mandate that a prisoner be free from discomfort or inconvenience during his incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) and *Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment protects against conditions of confinement which constitute health threats but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court established a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first establish that a sufficiently serious deprivation has occurred. *Id.* at 298-300. Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8 (citation and quotation marks omitted). Routine discomforts of prison life do not suffice. *Id.* at 9.

Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.*; *Wilson*, 501 U.S. at 298 ("only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation.") (quoting *Rhodes*, 452 U.S. at 347). In considering whether an Eighth Amendment violation has occurred, a court must consider "'[t]he circumstances, nature, and duration of a deprivation.'" *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199, 220 (2007), (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)) (alteration by *Spencer*).

A plaintiff must also establish the subjective element, which requires a showing the prison officials acted with a sufficiently culpable state of mind. *Hudson*, 503 U.S. at 9. Deliberate indifference is characterized by "obduracy or wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff has failed to allege facts demonstrating that he suffered an extreme deprivation of a basic necessity during his incarceration. Plaintiff claims that a stray kitten was permitted in his cell without his permission, and he did not wish to care for the kitten. Although he may have been annoyed at the prospect of having a feline companion in his cell, such annoyance or aggravation is not sufficiently serious to warrant relief.

And Plaintiff appears to object to being moved to different cells. As best I can discern from the complaint, in response to Plaintiff's complaint concerning the kitten, Booth arranged to have Plaintiff moved. According to Plaintiff, he was moved from his "comfortable, long-awaited, seniority two-man cell to a four-man cell with three black homophobes who[] threatened and harassed" Plaintiff for three days. (Doc. No. 1 at 6). After the third day, Booth moved Plaintiff to a two-man cell with an older, white man "who[] has not expressly threatened my life or livelihood" like the previous cell mates. (*Id.* at 7). On these facts, Plaintiff has failed to demonstrate, objectively or subjectively, that he was subjected to conditions that endangered his health or safety. It appears that Plaintiff's purported harassment was temporary, and after only three days he was moved to a smaller cell where Plaintiff admittedly felt safer.

Finally, Plaintiff's complaints regarding the food service at AOCI are equally insufficient. While prisoners have a constitutional right to meals that meet their nutritional needs, "there is no

constitutional right for each prisoner to be served the specific foods he desires." *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015).

Here, Plaintiff claims that the inmates are not given enough time to eat, there is an insufficient number of seats in the dining hall, the food portions are inadequate, and the meals are not "restaurant quality" or better sack lunches.  Plaintiff does not allege facts demonstrating that the food he was provided failed to fulfill his nutritional needs or that he was denied sufficient food on a daily basis.  The lack of time to finish a meal or the difficulty in finding a place to consume his meal are mere annoyances that do not rise to the level of an extreme deprivation.  Plaintiff has therefore not demonstrated a constitutional deprivation concerning his complaints with the food service.

Accordingly, Plaintiff has failed to state a claim under the Eighth Amendment.

## V.    CONCLUSION

For the reasons stated above, I dismiss this action in its entirety under 28 U.S.C. § 1915(e)(2)(B).   I also deny Plaintiff's motions for entry of judgment in his favor.  (Doc. No. 3 and 4).

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge